UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **DESIREE HULL-EMIG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:17-CV-110-GNS |
| | ) |
| **THE MEADE COUNTY** | ) |
| **MESSENGER, INC.** | ) |
| | ) |
| and | ) |
| | ) |
| **SUMMER BREEZE HOMES, LLC,** | ) |
| **d/b/a REDBUD RENTALS,** | ) |
| | ) |
| and | ) |
| | ) |
| **RENA SINGLETON, individually,** | ) |
| | ) |
| Defendants. | ) |

*******

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Desiree Hull-Emig ("Hull-Emig" or "Plaintiff") brings this action against Defendants, The Meade County Messenger, Inc. ("the Messenger"), Summer Breeze Homes, LLC d/b/a Redbud Rentals ("SBH") and Rena Singleton ("Singleton") alleging failure to pay wages and overtime compensation in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq.* and Kentucky state law.

### II. JURISDICTION AND VENUE

2. Hull-Emig is a resident of the Commonwealth of Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all relevant times.

3. The Messenger maintains offices and conducts business within the geographic confines of the Western District of Kentucky.

4. SBH maintains offices and conducts business within the geographic confines of the Western District of Kentucky.

5. Singleton is an adult citizen residing in the Commonwealth of Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all relevant times.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1367; and 29 U.S.C. § 216(b).

7. The Messenger is an "employer" as that term is defined by 29 U.S.C. § 203(d).

8. SBH is an "employer" as that term is defined by 29 U.S.C. § 203(d).

9. Hull-Emig was an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

10. Defendants are subject to the FLSA because its employees engaged in commerce.

11. This Court has supplemental jurisdiction over Hull-Emig's Kentucky state law claims pursuant to 28 U.S.C. §1367.

12. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

13. In or about February 2016, Hull-Emig was hired by Singleton to work as the Bookkeeper at the Messenger, the local newspaper owned and operated by Singleton.

14. At all relevant times, Hull-Emig met or exceeded Singleton's legitimate performance expectations.

2

15. In her role as the Bookkeeper, Hull-Emig would take rent payments from Singleton's tenants residing at SBH, an apartment complex owned and operated by Singleton.

16. In or about March 2016, Singleton required Hull-Emig to take on additional duties related to SBH. Singleton provided the SBH tenants with Hull-Emig's personal cell phone number and required her to be on-call 24/7. Hull-Emig was eventually provided with a company cell phone.

17. Hull-Emig routinely worked forty (40) hours per week at the newspaper, and then an additional twenty-five (25) hours per week performing job duties associated with SBH.

18. Singleton refused to compensate Hull-Emig for the time spent performing job duties associated with SBH in addition to her job duties as the Bookkeeper for the Messenger.

19. Hull-Emig resigned her position on or about January 13, 2017.

20. Singleton failed to compensate Hull-Emig for the wages she earned prior to her voluntary resignation.

## V. CAUSES OF ACTION

### COUNT I: FLSA – FAILURE TO PAY OVERTIME

21. Hull-Emig hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Hull-Emig is a non-exempt employee of Defendants who engaged in commerce.

23. Defendants intentionally and willfully failed to compensate Hull-Emig at least one and one-half times the minimum wage rate of pay for time she spent performing work-related duties in excess of a workweek of forty hours.

24. Hull-Emig is entitled to recover from Defendants all compensation which she earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

25. Defendants' actions in denying Hull-Emig her overtime compensation was intentional, willful, and/or done with reckless disregard for their statutory rights.

26. Hull-Emig has suffered damages as a result of the Defendants' failure to pay overtime compensation.

## COUNT II: FAILURE TO PAY WAGES- KRS 337.060

27. Hull-Emig hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28. Defendants intentionally and willfully failed to compensate Hull-Emig for the wage agreed upon for time she spent performing work-related duties.

29. Hull-Emig is entitled to recover from Defendants all wages which she earned, as well as liquidated damages pursuant to KRS 337.285.

30. Defendants' actions in denying Hull-Emig wages she earned was intentional, willful, and/or done with reckless disregard for her statutory rights.

## COUNT III: FAILURE TO PAY OVERTIME- KRS 337.285

31. Hull-Emig hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

32. Defendants intentionally and willfully failed to compensate Hull-Emig at least one and one-half times the minimum wage rate of pay for time she spent performing work-related duties in excess of a workweek of forty hours.

33. Hull-Emig is entitled to recover from Defendants all overtime compensation which she earned, as well as liquidated damages pursuant to KRS 337.285.

34. Defendants' actions in denying Hull-Emig overtime compensation was intentional, willful, and/or done with reckless disregard for her statutory rights.

35. Hull-Emig has suffered damages as a result of the Defendants' failure to pay.

### COUNT IV: FAILURE TO PAY WAGES UPON VOLUNTARY LEAVING- KRS 337.005

36. Hull-Emig hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

37. Defendants intentionally and willfully failed to compensate Hull-Emig for wages earned prior to her voluntary resignation within the next normal pay period or within fourteen (14) days from the date she voluntarily resigned.

38. Hull-Emig is entitled to recover from Defendants all wages which she earned, as well as liquidated damages pursuant to KRS 337.285.

39. Defendants' actions in denying Hull-Emig wages she earned was intentional, willful, and/or done with reckless disregard for her statutory rights.

### COUNT V: UNJUST ENRICHMENT

40. Hull-Emig hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if the same were set forth at length herein.

41. Defendants have failed and/or refused to pay wages and overtime compensation due to Hull-Emig for her labor and services rendered during her tenure as an employee of Defendants.

42. Defendants have been unjustly enriched by keeping funds which are the property of Hull-Emig.

## COUNT VI: CONVERSION

43. Hull-Emig hereby incorporates paragraphs one (1) through forty-two (42) of her Complaint as if the same were set forth at length herein.

44. Defendants knowingly or intentionally exerted unauthorized control over Hull-Emig's wages when it unlawfully failed to pay wages and overtime compensation due to her.

45. Hull-Emig has suffered damages as a result of Defendants' actions.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiff, Desiree Hull-Emig, respectfully requests that this Court enter judgment in her favor and award the following relief:

1. Payment to Plaintiff of all unpaid wages;

2. Payment to Plaintiff of all unpaid overtime compensation;

3. Payment to Plaintiff of liquidated damages for all unpaid wages and overtime compensation;

4. Payment to Plaintiff of punitive damages for Defendants' failures and/or malice and willful actions;

5. Payment to Plaintiff of compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

6. Order injunctive relief sufficient to insure that Defendants cease and desist from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

7. Order Defendants to pay pre-judgment and post-judgment interest to Plaintiff;

8. Order Defendants to pay Plaintiff costs and attorney fees; and

9. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

By: /s/ Krista A. Willike
Krista A. Willike
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (502) 561-3444
Email: kwillike@bdlegal.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Desiree Hull-Emig, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

                                        By: <u>/s/ Krista A. Willike</u>
                                        Krista A. Willike, #32250-10
                                        101 North Seventh Street
                                        Louisville, Kentucky 40202
                                        Telephone:    (502) 561-3443
                                        Facsimile:     (502) 561-3444
                                        Email: ad@bdlegal.com
                                        kwillike@bdlegal.com
                                        *Counsel for Plaintiff*

Dated 2/23/17.